# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| WELDING SERVICES, INC., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 2:08-CV-00017-RWS |
| WELDING TECHNOLOGIES, : | |
| INC., : | |
| : | |
| Defendant. : | |

## **ORDER**

This case is before the Court for consideration of Defendant's Motion for Summary Judgment [39] and Plaintiff's Motion to Dismiss [50]. After reviewing the entire record, the Court enters the following Order.

Plaintiff filed this action on January 29, 2008 alleging that Defendant infringed United States Patent No. 6,204,477 ("the '477 Patent") which is owned by Plaintiff by assignment. Defendant filed its Answer [8] and then on May 20, 2008 filed a Motion to Limit Discovery and Local Patent Rules [18]. In their Brief in support of the Motion, Defendants pointed out the parties had recently concluded an action brought by Plaintiff against Defendant alleging trademark infringement. Summary judgment was granted to Defendant in the trademark action, and Defendant was awarded attorney's fees and costs after the

Court found Plaintiff had brought the action in bad faith. Asserting that the "threshold issue" in the present case is whether the accused process uses nitrogen "in any way, shape or form," Defendant urged the Court to focus discovery on that issue and to otherwise hold the case in abeyance. (Def.'s Mem. [18] at 2.) Specifically, the '477 Patent requires the use of nitrogen, and Defendant asserted that nitrogen is not used in its process. Defendant urged that discovery on its process be conducted immediately to determine if nitrogen is used in the process. If that discovery confirmed that nitrogen is not used, the case should end.

The Court conducted a hearing on Defendant's Motion on May 22, 2008. At the hearing, the Court learned that between March 1, 2007 and the filing of this action on January 29, 2008, counsel for Plaintiff had attempted to negotiate a confidentiality agreement with Defendant that would allow an inspection of Defendant's process. However, an agreement for such an inspection could not be reached. Each party bears some responsibility for the failure to reach this agreement. Plaintiff asserted that the present action was commenced only after it was unable to work out an agreement with Defendant to test Defendant's process. At the hearing, the Court determined that both parties would be well served by arranging for testing of Defendant's process as soon as possible. As

2

Defendant suggested, the absence of the use of nitrogen in that process was expected to resolve the issue in this case. Therefore, the Court granted Defendant's Motion to Limit Discovery and the Local Patent Rules [18]. The Court established a procedure whereby Defendant's method could be tested within sixty (60) days of the conference. However, the parties were permitted to proceed with written discovery on past infringement, followed by depositions, if necessary. The parties were also permitted to file a motion for summary judgment at any time. The intent of the Court was that the parties limit their actions as much as possible until the results of the test of Defendant's process could be completed, thus assisting the parties in limiting their expenses. The Court understood that reducing the costs of this action was the primary reason Defendant filed the motion. At the hearing, Plaintiff's counsel represented that if the test disclosed no nitrogen in the process, he would dismiss this action.

The parties conducted the test of Defendant's process on July 28, 2008. "Plaintiff's expert, Mr. Walter Sperco, who was present at the inspection observed that no nitrogen was used in the shielding gas mixture during the testing of WTI's process, but witnessed microfracture cracking of the sample at the test sight. Eventually, the laboratory test of the sample from the test sight

3

confirmed that no nitrogen was present in the sample and that any cracking that occurred was within tolerance for acceptability." (Pl.'s Br. in Supp. of Mot. to Dis. [50] at 4.)

On August 13, 2008, Defendant filed its Motion for Summary Judgment [39]. The Motion for Summary Judgment was filed before Plaintiff conducted the laboratory test, received its expert report, or deposed employees of Chillicothe Paper Mill, the company whose project prompted this action. (Id.) Discovery of Chillocothe was contemplated by the Court's Order limiting discovery in the case. When the Motion for Summary Judgment was filed, Defendant was aware that Plaintiff was seeking to accomplish the discovery with Chillocothe. (Maheshwari dec. [43-2] at ¶¶ 17 & 18.)

On September 11, 2008, Plaintiff conducted the deposition of Chillocothe employee Kent Anderson. "The results of the deposition confirmed that WTI's accused process did not infringe the claims of the '477 Patent." (Id. at 5.) On September 26, 2008, Plaintiff filed a Motion to Dismiss [50]. In its Motion, Plaintiff seeks "voluntary dismissal with prejudice on WTI's current process and WTI's process used on the digestors at Glatfelter's Chillicothe Paper Mill." (Id. at 8.)

4

The Court concludes that Plaintiff's "declaration removes any justiciable case or controversy under Article III of the Constitution." Knauf Fiber Glass, GmbH v. CertainTeed Corp., No. 1:02-CV-1215-DFH, 2004 W.L. 771257 at *1 (S.D. Ind. 2004). Therefore, the case should be dismissed for lack of subject matter jurisdiction.

Based on the foregoing, Plaintiff's Motion to Dismiss [50] is hereby **GRANTED**, and Defendant's Motion for Summary Judgment [39] is **DENIED**, **AS MOOT**. In its Response to Plaintiff's Motion to Dismiss [51] Defendant requested that the Court leave open the issue of attorney's fees and sanctions. However, the Court finds that attorney's fees and sanctions are not appropriate in this case. The Court finds that the testing ordered by the Court could have been accomplished by the parties by agreement had there been better cooperation before this suit was ever filed. Further, at Defendant's behest, the Court established a procedure to allow the parties to resolve this dispute without unnecessary, additional litigation. Yet, Defendant chose to file a Motion for Summary Judgment before the limited discovery could be completed. The Court is not inclined to compensate Defendant for these actions. Therefore, the Court concludes that neither party is entitled to attorney's fees.

5

Plaintiff's action is hereby **DISMISSED**, **WITH PREJUDICE**, with costs assessed against Plaintiff.

**SO ORDERED**, this  27th  day of October, 2008.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)